Per Curiam.

The court below recognized that no contractual liability on the part of defendant existed due to plaintiff’s failure to renew the stop payment order. Plaintiff failed to plead a cause of action other than breach of contract but a recovery was nevertheless allowed on the theory of defendant’s negligence in paying a check 11 months after the date of issuance, on the authority of Goldberg v. Manufacturers Trust Co. (199 Misc. 167) wherein the check in question was paid more than 27 months after issuance and where there was proof, absent in the case at bar, that plaintiff was damaged to the extent of the amount of the check, and had a legal defense for its nonpayment.
We conclude that this case falls within the orbit of Feller v. Manufacturers Trust Co. (4 A D 2d 675, affd. no opinion 4 N Y 2d 951) in which the Appellate Division decided that the bank “ could not be held liable for payment after expiration of the order, which had not been renewed. [Defendant] was authorized to pay unless there was such renewal.” We hold that this is so despite the fact that the check in Feller {supra) was honored five months after its date. The agreement here between plaintiff depositor and defendant precludes recovery.
The judgment should be modified by reversing the award in favor of plaintiff and dismissing the complaint, with costs, and as modified affirmed, with $25 costs to defendant-appellant.
Concur — Hoestadter, J. P., Hecht and Aurelio, JJ.
Judgment modified, etc.